CT System

Service of Process Transmittal Form

Los Angeles, California

07/24/2002

Via Federal Express (2nd Day)

TO: Robert B Vlach General Counsel
UICI
4001 McEwen
Suite 200
Dallas, TX 75244

```
RECEIVED
JUL 2 6 2002
UICI LEGAL
```

RE:   PROCESS SERVED IN CALIFORNIA

FOR   THE MEGA LIFE AND HEALTH INSURANCE COMPANY Domestic State: Ok

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

1. TITLE OF ACTION:   Operating Engineers Health and Welfare Trust Fund vs The Mega Life and Health Insurance Company, et al

2. DOCUMENT(S) SERVED:   Summons, Complaint, Verification, Exhibit A, Alternative Dispute Resolution Information Package

3. COURT:   Superior Court of California, County of Alameda
Case Number 2002058274

4. NATURE OF ACTION:   Complaint for alleged breach of contract.

5. ON WHOM PROCESS WAS SERVED:   CT Corporation System, Los Angeles, California

6. DATE AND HOUR OF SERVICE:   By Process server on 07/23/2002 at 13:20

7. APPEARANCE OR ANSWER DUE:   Within 30 days

8. ATTORNEY(S):   Barry E. Hinkle & Linda Baldwin Jones
(510) 839-6600
Van Bourg, Weinberg, et al
180 Grand Avenue
Suite 1400
Oakland, CA 94612

9. REMARKS:   i-Note sent 07/24/2002 to BJOHNSON@UICI.NETi-Note sent 07/24/2002 to BVLACH@UICI.NET

CC:   Brenda Johnson
UICI
4001 McEwen
Suite 200
Dallas, TX 75244

SIGNED   CT Corporation System

PER   Jere Keprios /VI
ADDRESS   818 West Seventh Street
Los Angeles, CA 90017
SOP WS 0004657791

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

# SUMMONS
## (CITACION JUDICIAL)

ORIGINAL

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*
THE MEGA LIFE AND HEALTH INSURANCE COMPANY, an
Oklahoma Corporation; and DOES 1 through 10

JUL 2 3 2002

1:20
CJ

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le está demandando)*
OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND

| | |
|---|---|
| You have _30 CALENDAR DAYS_ after this summons is served on you to file a typewritten response at this court. | Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte. |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso. |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosasde su propiedad sin aviso adicional por parte de la corte. |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico). |

The name and address of the court is: *(El nombre y dirección de la corte es)*
County of Alameda Superior Court
1225 Fallon Street
Oakland, CA 94612

CASE NUMBER *(Número del Caso)*
2002058274

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*

Barry E. Hinkle & Linda Baldwin Jones
VAN BOURG, WEINBERG, ROGER & ROSENFELD
180 Grand Avenue, Suite 1400
Oakland, CA 94612
510-839-6600 (P); 510-891-0400 (f)

James P. Watson & Susan J. Olson
STANTON, KAY & WATSON
101 New Montgomery Street, Suite 500
San Francisco, CA 94105
415-512-3501 (p); 415-512-3515 (f)

DATE: JUL 1 7 2002
*(Fecha)*

Clerk, by _____, Deputy
*(Actuario)*                *(Delegado)*



NOTICE TO THE PERSON SERVED: You are served
1. ____ as an individual defendant.
2. ____ as the person sued under the fictitious name of *(specify):*
3. _X_ on behalf of *(specify):* THE MEGA LIFE AND HEALTH INSURANCE COMPANY, AN OKLAHOMA CORPORATION

under: _X_ CCP 416.10 (corporation)        ____ CCP 416.60 (minor)
____ CCP 416.20 (defunct corporation)       ____ CCP 416.70 (conservatee)
____ CCP 416.40 (association or partnership) ____ CCP 416.90 (individual)
____ other:
4. ____ by personal delivery on *(date):*

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]
Mandatory Form

**(See reverse for Proof of Service)**
SUMMONS


Legal Solutions Plus

CCP 412.20

1   BARRY E. HINKLE, Bar No. 071223
    LINDA BALDWIN JONES, Bar No. 178922
2   VAN BOURG, WEINBERG, ROGER & ROSENFELD
    A Professional Corporation
3   180 Grand Avenue, Suite 1400
    Oakland, California 94612
4   Telephone (510) 839-6600

5   JAMES P. WATSON, Bar No. 046127
    SUSAN J. OLSON, Bar No. 152467
6   STANTON, KAY & WATSON
    101 New Montgomery St., Suite 500
7   San Francisco, CA  94105
    Telephone (415) 512-3501

8

9   Attorneys for Plaintiff

ENDORSED
FILED
ALAMEDA COUNTY

JUL 1 7 2002

CLERK OF THE SUPERIOR COURT
By Dorothy Duckett, Deputy

10           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              IN AND FOR THE COUNTY OF ALAMEDA

12

13   OPERATING ENGINEERS HEALTH AND      )   Case No. 2 0 0 2 0 5 8 2 7 4
14   WELFARE TRUST FUND,                 )
                                         )
15              Plaintiff,               )   COMPLAINT FOR DECLARATORY
                                         )   RELIEF; BREACH OF CONTRACT;
16         vs.                           )   BREACH OF COVENANT OF GOOD
                                         )   FAITH AND FAIR DEALING; AND
17   THE MEGA LIFE AND HEALTH            )   INJUNCTIVE RELIEF AND
     INSURANCE COMPANY, an Oklahoma      )   RESTITUTION
18   Corporation; and DOES 1 through 10, )
                                         )
19              Defendants.              )
                                         )
20   ──────────────────────────────────

21        Plaintiff Operating Engineers Health and Welfare Trust Fund alleges as follows:

22                              INTRODUCTION

23        1.     Plaintiff is informed and believes, and on that basis alleges, that Defendant Mega

24   Life and Health Insurance Company (hereinafter "Mega Life") at all times relevant herein was, and

25   now is, a corporation licensed to do business and actually doing business as an insurer and issuing

26   insurance policies in the State of California.

27        2.     Plaintiff Operating Engineers Health and Welfare Trust Fund (hereinafter "Trust

28   Fund") was and is an employee benefit plan created by written Trust Agreement, and a multi-

VAN BOURG, WEINBERG,
ROGER & ROSENFELD
A Professional Corporation
180 Grand Ave. Ste. 1400
Oakland, CA  94612
t  (510) 839-6600

COMPLAINT FOR BREACH OF CONTRACT

1  employee benefit plan within the meaning of Sections 3 and 4 of ERISA, 29 U.S.C. §§ 1002 and

2  1003.

3       3.    The true names and capacities, whether individual, corporate, associate or

4  otherwise, of Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff

5  at this time, who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and

6  believes and therefore alleges that each of the Defendants designated herein by fictitious name is in

7  some manner responsible for the events and happenings herein referred to, and caused damages

8  proximately and foreseeable thereby to Plaintiff as hereinafter alleged.  Plaintiff asks leave of the

9  Court to amend this Complaint when the true names and capacities have been ascertained.

10      4.    Plaintiff is informed, and believes and based upon that information and belief

11  alleges, that at all times herein mentioned, each and every Defendant herein was the agent, servant,

12  employee, partner or joint venturer of the other Defendant herein; that at all said times, each of said

13  Defendants was acting within the course and scope of said agency, service, employment,

14  partnership and joint venture.

15      5.    Venue is proper in this Court as the insured property out of which this dispute arises

16  is located within the County of Alameda, State of California.

17      6.    At the time the policy described herein was issued and the insurance took effect,

18  and at all times since to and including the time the loss as herein alleged occurred,  Associated

19  Third Party Administrators ("ATPA") was and is the Plan Administrator for the Plaintiff Operating

20  Engineers Health and Welfare Trust Fund.

21      7.    On or about September 1, 1998, in consideration of the payment of the premium by

22  Plaintiff, Defendants, by its duly authorized agents, executed and delivered to Plaintiff Operating

23  Engineers Health and Welfare Trust Fund in Alameda County, California, its Accident and

24  Sickness Excess Loss Insurance Policy commonly referred to as a Stop-Loss Policy, bearing policy

25  number 50181 hereinafter referred to as "the Policy."  The Policy by its terms was effective from

26  September 1, 1998 through August 31, 1999.  The Policy was thereafter renewed from year to year

27  with effective dates of coverage from September 1, 1999 through August 31, 2000, and September

28  1, 2000 through August 31, 2001.  The Policy continued to be in effect during all times relevant to

VAN BOURG, WEINBERG,
ROGER & ROSENFELD
A Professional Corporation
180 Grand Ave Ste 1400
Oakland, CA 94612
1 (10) 350-6600

- 2 -

COMPLAINT FOR BREACH OF CONTRACT

1  this suit.  A true and correct copy of the Policy and its Renewal Endorsements are attached hereto

2  as this Complaint and made a part hereof.

3      8.    By said Policy, Defendants agreed to reimburse Plaintiff for any Plan Benefits paid

4  on behalf of any individual covered under Operating Engineers Health & Welfare Trust Fund's

5  Plan ("Plan") during the effective dates of the Policy in excess of the specific stop-loss deductible

6  of $250,000 shown on the Policy when Defendants received notice of loss.

7      9.    On or about July 2000, while the Policy was in full force and effect,  Plaintiff paid

8  medical benefits on behalf of Lloyd Crabtree, a covered person under the Plan, in excess of the

9  specific stop-loss deductible of $250,000 per covered person.  By reason thereof, under the terms

10  of the Policy, Plaintiff became entitled to receive from Defendants, and Defendants became

11  obligated to pay to Plaintiff reimbursement in the amount of <u>$38,113.00</u> for Plan Benefits paid on

12  behalf of <u>Lloyd Crabtree.</u>

13      10.    According to its custom and consistent with the past practices of Plaintiff and

14  Defendants, Plaintiff provided Defendants with notice of claim via monthly reports with follow up

15  proof of loss and demanded payment under the Policy in the amount of $38,113.00, which is the

16  sum equal to the payments made by the Operating Engineers Health and Welfare Trust Fund on

17  behalf of Lloyd Crabtree in excess of $250,000.00.

18      11.    On or about July 2000, while the Policy was in full force and effect,  Plaintiff paid

19  medical benefits on behalf of Paul Lewis, a covered person under the Plan, in excess of the specific

20  stop-loss deductible of $250,000 per covered person. By reason thereof, under the terms of the

21  Policy, Plaintiff became entitled to receive from Defendants, and Defendants became obligated to

22  pay to Plaintiff reimbursement in the amount of <u>$575,107.47</u> for Plan Benefits paid on behalf of

23  <u>Paul Lewis.</u>

24      12.    According to its custom and consistent with the past practices of Plaintiff and

25  Defendants, Plaintiff provided Defendants with notice of claim via monthly reports with follow up

26  proof of loss and demanded payment under the Policy in the amount of $575,107.47, which is the

27  sum equal to the payments made by the Operating Engineers Health and Welfare Trust Fund on

28  behalf of Paul Lewis in excess of $250,000.00.

VAN BOURG, WEINBERG,
ROGER & ROSENFELD
A Professional Corporation
180 Grand Ave Ste 1400
Oakland, CA 94612
(510) 839-6600

- 3 -

COMPLAINT FOR BREACH OF CONTRACT

13.   On or about August 2000, while the Policy was in full force and effect,  Plaintiff paid medical benefits on behalf of George Krolikowski's dependent, Marilyn Krolikowski, a covered person under the Plan in excess of the specific stop-loss deductible of $250,000 per covered person.  By reason thereof, under the terms of the Policy, Plaintiff became entitled to receive from Defendants, and Defendants became obligated to pay to Plaintiff reimbursement in the amount of $205,489.43 for Plan Benefits paid on behalf of George Krolikowski's dependent, Marilyn Krolikowski.

14.   According to its custom and consistent with the past practices of Plaintiff and Defendants, Plaintiff provided Defendants with notice of claim via monthly reports with follow up proof of loss and demanded payment under the Policy in the amount of $205,489.43, which is the sum equal to the payments made by the Operating Engineers Health and Welfare Trust Fund on behalf of George Krolikowski's dependent, Marilyn Krolikowski, in excess of $250,000.00.

15.   On or about August 2000, while the Policy was in full force and effect,  Plaintiff paid medical benefits on behalf of Leslie Owens' dependent, Mary Owens, a covered person under the Plan in excess of the specific stop-loss deductible of $250,000 per covered person.  By reason thereof, under the terms of the Policy, Plaintiff became entitled to receive from Defendants, and Defendants became obligated to pay to Plaintiff reimbursement in the amount of $190,891.87 for Plan Benefits paid on behalf of Leslie Owens' dependent, Mary Owens.

16.   According to its custom and consistent with the past practices of Plaintiff and Defendants, Plaintiff provided Defendants with notice of claim via monthly reports with follow up proof of loss and demanded payment under the Policy in the amount of $190,891.87, which is the sum equal to the payments made by the Operating Engineers Health and Welfare Trust Fund on behalf of Owens in excess of $250,000.00.

17.   On or about December 2000, while the Policy was in full force and effect,  Plaintiff paid medical benefits on behalf of Robert Danner's dependent, Elizabeth Danner, a covered person under the Plan in excess of the specific stop-loss deductible of $250,000 per covered person.  By reason thereof, under the terms of the Policy, Plaintiff became entitled to receive from Defendants, and Defendants became obligated to pay to Plaintiff reimbursement in the amount of $292,701.00

VAN BOURG, WEINBERG,
ROGER & ROSENFELD
A Professional Corporation
180 Grand Ave Ste 1400
Oakland, CA 94612
(510) 835-6600

COMPLAINT FOR BREACH OF CONTRACT

1   for Plan Benefits paid on behalf of <u>Robert Danner</u>'s dependent, Elizabeth Danner, by the Plaintiff.

2       18.    According to its custom and consistent with the past practices of Plaintiff and

3   Defendants, Plaintiff provided Defendants with notice of claim via monthly reports with follow up

4   proof of loss and demanded payment under the Policy in the amount of $292,701.00, which is the

5   sum equal to the payments made by the Operating Engineers Health and Welfare Trust Fund on

6   behalf of Robert Danner's dependent, Elizabeth Danner, in excess of $250,000.00.

7       19.    Plaintiff has demanded of Defendants payment of the sum of those amounts alleged

8   in Paragraphs 9 through 18, above, as said claims became covered by the Policy.  Defendants,

9   however, have failed and refused, and continue to fail and refuse, to pay Plaintiff that sum or any

10  part of it on the ground that claims were untimely, and there is now due and owing from

11  Defendants to Plaintiff the sum of  at least $1,302,302.77.  The amounts set forth in paragraphs 9

12  through 18 are covered by the Policy.

13      I.   <u>FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF</u>

14      **(Against All Defendants)**

15      20.    Plaintiff incorporates by reference each and every allegation contained in

16  Paragraphs 1 through 19 as though fully set forth in length.

17      21.    Plaintiff has duly submitted claims for benefits under the Policy, performed all

18  actions required of it, and acted in accordance with its custom and consistent with past practices of

19  Plaintiff and Defendants.  Nonetheless, Defendants have failed and refused, and continue to fail

20  and refuse, to reimburse Plaintiff as required under the Policy.

21      22.    An actual controversy has arisen between the parties hereto with respect to the

22  obligations of Defendants to reimburse Plaintiff under the Policy.  Plaintiff is entitled to have this

23  Honorable Court decide the obligations of Plaintiff and Defendants, and each of them, and to have

24  this Court render its judgment of declaratory relief regarding the obligations of Defendants under

25  the provisions of the Policy.

26      23.    As a proximate result of Defendants' failure and refusal as herein alleged, Plaintiff

27  has been damaged in the sum of at least $1,302,302.77 with interest on that sum at the legal rate

28  from the dates upon which Defendants failed to reimburse Plaintiff for the claims set forth herein

VAN BOURG, WEINBERG,
ROGER & ROSENFELD
A Prof essional Corporation
180 Grand Ave Ste 1400
Oakland, CA 94612
(510) 839-6600

- 5 -

COMPLAINT FOR BREACH OF CONTRACT

1  in Paragraphs 9 through 18 until paid.

2      24.    Plaintiff has also incurred costs and reasonable attorney's fess in connection with

3  these proceedings and will incur additional costs and fees hereafter.

4      II.  **SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT**

5          **(Against All Defendants)**

6      25.   Plaintiff incorporates by reference each and every allegation contained in

7  Paragraphs 1 through 24 as though fully set forth in length.

8      26.   While the Policy was in full force and effect, Plaintiff paid medical benefits on

9  certain individuals, as set forth in Paragraphs 9 through 18 above, in excess of the specific

10  deductible of $250,000 per covered person and by reason thereof, said claims became covered by

11  the Policy. Under the terms of the Policy and in accordance with its custom and consistent with

12  past practices of Plaintiff and Defendants, Plaintiff became entitled to receive from Defendants,

13  and Defendants became obligated to pay to Plaintiff Plan Benefits paid on behalf of said

14  individuals in excess of the specific deductible.

15      27.   According to its custom and consistent with the past practices of Plaintiff and

16  Defendants, Plaintiff provided Defendants with notice of claim via monthly reports with follow up

17  proof of loss and demanded payment under the Policy in each instance as described in paragraphs 9

18  through 18 above.

19      28.   Plaintiff has performed all conditions of the Policy on its part to be performed and

20  in accordance with its custom and consistent with past practices of the parties, gave Defendants

21  due and timely notice of claim via monthly reports with follow up proof of loss.

22      29.   Defendants have failed and refused, and continue to fail and refuse, to pay Plaintiff

23  that sum or any part of it, and there is now due and owing from Defendants to Plaintiff the sum of

24  at least $1,302,302.77.

25      30.   As a direct, proximate and consequential result of the above-described breach of

26  contract, Plaintiff has suffered damages under the Policy including loss of contract benefits and

27  anticipated loss of future contract benefits, in an amount to be determined according to proof at

28  trial.

VAN BOURG, WEINBERG,
ROGER & ROSENFELD
A Professional Corporation
180 Grand Ave  Ste 1400
Oakland, CA 94612
(510) 874-6600

- 6 -

COMPLAINT FOR BREACH OF CONTRACT

III. **THIRD CAUSE OF ACTION FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

**(Against All Defendants)**

31.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 30 as though fully set forth in length.

32.     At all times herein relevant, Defendants agreed to act in good faith and deal fairly with Plaintiff when it entered into the Policy, and accepted premiums from Plaintiff. Defendants thereby assumed a special relationship with a fiduciary obligation to Plaintiff, and agreed to abide by its duties. Nevertheless, Defendants have refused and failed to act in good faith and deal fairly with Plaintiff, and breached said obligations.

33.     Defendants, engaged, and continue to engage, in a course of unreasonable conduct to further their own economic interests and in violation of their contractual and special fiduciary obligations to Plaintiff. Namely, Defendants have repeatedly refused to pay benefits due and owing under the Policy despite Plaintiff having performed all conditions of the Policy on its part to be performed, acted in accordance with its custom and consistent with past practices of Plaintiff and Defendants, and gave Defendants due and timely notice of claim via monthly reports with follow up proof of loss in accordance with the past practice of the parties. Defendants have repeatedly refused to pay benefits due and owing under the Policy even though the claims as set forth in Paragraphs 9 through 18 became covered by the Policy once Plaintiff paid Plan benefits in excess of the specific deducible of $250,000 per covered person. Defendants have repeatedly failed to evaluate the claims as set forth in Paragraph 9 through 18 objectively and ignored the monthly reports which provided notice of claim to Defendants and information supporting proof of loss.

34.     Defendants failure to evaluate claims objectively and the denial of benefits claimed by Plaintiff under the Policy were done by the Defendants without reasonable cause.

35.     As a direct and proximate result of the unreasonable conduct of the Defendants, and each of them, Plaintiff has suffered and will continue to suffer in the future, damages under the Policy, plus interest, and other economic and consequential damages, for a total amount to be

VAN BOURG, WEINBERG,
ROGER & ROSENFELD
A Professional Corporation
180 Grand Ave. Ste 1400
Oakland, CA 94612
(510) 839-6600

- 7 -

COMPLAINT FOR BREACH OF CONTRACT

1  shown at trial.

2      36.    As a further direct and proximate result of the aforementioned conduct of

3  Defendants, Plaintiff was obligated to retain legal counsel to obtain the benefits due under the

4  Policy, and to expend or incur liability for costs of suit, attorney's fees, and related expenses in an

5  amount not yet fully ascertained, but which will be proven at time of trial.

6      37.    The refusal of the Defendants, and each of them, to carry out their obligations under

7  the Policy, and the acts of their agents were all done with conscious disregard of the rights of

8  Plaintiff to receive the benefits due it under the Policy.  These acts were done with the knowledge

9  and approval and ratification of the Defendants, and each of them.  These acts continued even after

10 the Plaintiff complained to the Defendants and Plaintiff was powerless to obtain from the

11 Defendants compliance with their obligations.  Plaintiff is therefore entitled to recover punitive

12 damages.

13 **IV.  FOURTH CAUSE OF ACTION INJUNCTIVE RELIEF AND RESTITUTION
       PURSUANT TO BUSINESS & PROFESSIONS CODE §17200, ET SEQ.**

14

15                          **(Against All Defendants)**

16      38.    Plaintiff incorporates by reference each and every allegation contained in

17 Paragraphs 1 through 37 as though fully set forth in length.

18      39.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of

19 them, have engaged, in and continue to engage in, unfair business practices as alleged above.

20      40.    Plaintiff is informed and believes and thereon alleges that the insured of Defendants

21 have been denied benefits and will continue to be denied benefits due to the unfair business

22 practices of the Defendants.

23      41.    Plaintiff is informed and believes and thereon alleges that no adequate remedy at

24 law lies for Defendants' continued violations.

25                                **PRAYER**

26      WHEREFORE, Plaintiff prays judgment against Defendants as follows:

27      1.    For the sum of $1,302,302.77, with interest thereon at the legal rate from and  after

28 the dates upon which Defendants failed to reimburse Plaintiff for the claims set forth herein in

VAN BOURG, WEINBERG,
ROGER & ROSENFELD
A Professional Corporation
180 Grand Ave Sie 1400
Oakland, CA 94612
( 101)339-6600

                                         - 8 -

COMPLAINT FOR BREACH OF CONTRACT

1   Paragraphs 9 through 18 until paid;

2         2.     For damages for failure to provide benefits under the Policy, plus interest and other

3   economic and consequential damages, according to proof at trial;

4         3.     For punitive damages in an amount to be proven at time of trial;

5         4.     For a permanent injunction enjoining Defendants, their agents, successors and

6   employees and those acting in concert with them from engaging in each of the unfair business

7   practices, policies, usages and customs set forth herein;

8         5.     For an award of restitution to all persons who were injured as a result of the unfair

9   business practices, policies usages and customs set forth herein; and

10        6.     For costs of suit herein incurred, attorney's fees and related expenses; and

11        7.     For such other and further relief as the court may deem proper.

12   Dated: July 16 , 2002

13

14                        VAN BOURG, WEINBERG, ROGER & ROSENFELD
A Professional Corporation

15

16                     By:   *Linda Baldwin Jones*
                            BARRY E. HINKLE

17                             LINDA BALDWIN JONES
                            Attorneys for Plaintiff

18

19   Dated: July 16 , 2002

20                        STANTON, KAY & WATSON

21                     By:   *James P. Watson*

                            JAMES P. WATSON

22                             SUSAN J. OLSON
                            Attorneys for Plaintiff

23

24

25

26

27

28

VAN BOURG, WEINBERG,
ROGER & ROSENFELD
A Professional Corporation
188 Clint Ave  Ste 1600
Oakland, CA 94612
(510) 839-6600

- 9 -

COMPLAINT FOR BREACH OF CONTRACT

# ACCIDENT AND SICKNESS
# EXCESS LOSS INSURANCE POLICY

Underwritten by

## THE MEGA LIFE AND HEALTH INSURANCE COMPANY
Oklahoma City, Oklahoma 73118
(Hereinafter called the Company)
Administrative Office
350 Crown Point Circle, Suite 150
Grass Valley, CA   95945

Policy Number:   50181

Effective Date:   September 01, 1998

This Policy is issued by The MEGA Life and Health Insurance Company, (Company) to

Operating Engineering Health and Welfare Trust Fund

The Company agrees to reimburse the Policyholder for certain Plan Benefits the Policyholder has provided under a self-funded benefit plan (Plan). Such reimbursement will be subject to all the terms and conditions of this Policy.

This Policy is issued in consideration of:
(1)   the application made by the Policyholder; and
(2)   the payment of the required premiums when due; and
(3)   the performance by the Policyholder of the duties shown in POLICYHOLDER DUTIES of this Policy.

All periods of time under this Policy will begin and end at 12:01 A.M. local time at the Policyholder's address.

This Policy is governed by the laws of the State of <u>California</u> and federal law where applicable.

The provisions on the following pages are a part of this Policy.

_(signature)_                                          _(signature)_

Secretary                                                 President


Licensed Resident Agent _____
                                    (If required by law in this state)


25606                                          -1-


EXHIBIT A

# TABLE OF CONTENTS

| | Page |
|---|---|
| Definitions | 3 |
| Schedule of Insurance | 4 |
| Term of Policy | 5 |
| Renewal Provision | 5 |
| Policyholder Duties | 5 |
| Premiums | 5 |
| Grace Period | 5 |
| Coverages | 6 |
| Reimbursements | 6 |
| Termination | 7 |
| General Provisions | 8 |
| Medical Conversion Privilege | 10 |

25606                                    -2-

DEFINITIONS

INCURRED AND PAID means only Plan Benefits which are:

(1)     Incurred by persons covered under the Plan; and
(2)     Paid by the Policyholder;

during the Cost Determination Period and prior to the termination of this Policy.

PAID means only Plan Benefits which are Paid by the Policyholder during the Cost Determination Period and prior to the termination of this Policy.

PLAN means the Policyholder's self-funded benefit plan as described in its plan document.  A copy of the plan document is attached to this Policy for the purpose of determining the Company's liability.

PLAN BENEFITS means amounts properly payable and Paid under the Plan to a person covered under the Plan, or to a provider of services to a person covered under the Plan.

A Plan Benefit will be considered INCURRED as follows:

(1)     with respect to hospital confinements, on the date of admission; or
(2)     with respect to all other treatments or services, on the date such treatment or service is rendered.

A Plan Benefit will be considered PAID on the date checks or drafts are issued and released for payment for Plan Benefits.  Checks or drafts prepared but not released shall not be considered paid.

Plan Benefits do not include any amount covered, paid or payable under any other Plan or Policy currently or previously in force with the Policyholder.  Plan Benefits do not include court cost, penalties, interest upon judgments, investigation expense, administrative fees, or legal expense.

## SCHEDULE OF INSURANCE

Policyholder            Operating Engineering Health and Welfare Trust Fund
Policy Number           50181

Cost Determination Period:   September 1, 1998 through August 31, 1999

Stop-Loss Maximum:      $1,000,000.00                 Actively-at-Work is Waived: X Yes __ No

### SPECIFIC STOP-LOSS

SPECIFIC COVERAGE:       X Yes __ No        __ Paid in 12 months and Incurred not prior to ____
                                            __ Incurred and Paid (12/12)              X Paid
Specific Deductible:     $250,000.00        __ Incurred in 12 months and Paid in 15 months (12/15)
                                            __ Incurred and Paid with 3 month run-in (15/12)
Lifetime Limit of Liability per Covered     ☒ Person
                                            ☐ Family     $_____

### AGGREGATE STOP-LOSS

AGGREGATE COVERAGE:      __ Yes  X No        __ Paid in 12 months and Incurred not prior to ____
                                            __ Incurred and Paid (12/12)             ___ Paid
                                            __ Incurred in 12 months and Paid in 15 months (12/15)
Monthly Aggregate Protection Option __ Yes __ No  __ Incurred and Paid with 3 month run-in (15/12)

Monthly Aggregate Factors:  $ N/A        Minimum Aggregate Attachment Point: $N/A
Limit of Liability for the Policy Year $ N/A

### PREMIUMS

SPECIFIC:   Contract Premium Rate        $ 7.76
            Self Funded Premium Rate     $ 5.97
            Withhold Rate:               $ 1.79
            Estimated Corridor:          $ 200,644
            Estimated Corridor = [(Contract Rate - Split Funded Rate) x First Month's Enrollment x 12 ]

            At the end of the Cost Determination Period, the Final Corridor is calculated by the following formula:
            Final Corridor = [(Contract Rate - Split-Funded Rate) x Average Monthly Enrollment x 12 ]
            Premium Due Date: The first day of every month in the Cost Determination Period.

AGGREGATE.  Premium Rate        N/A
            Premium Due Date:   The first day of every month in the Cost Determination Period.

### EXCLUSIONS

SPECIFIC:   Plan Benefits to be excluded from reimbursement:

            (a)  The first otherwise-reimbursable amounts of Plan Benefits in excess of the Specific Deductible on
                 one or more individuals covered under the Plan during the Cost Determination Period, up to the
                 Final Corridor amount.
            (b)  All except Medical

AGGREGATE:  Plan Benefits to be excluded from reimbursement: N/A

Note:       Deferred Effective provision is also waived.

### OTHER

Claim Payer:    Associated Third Party Administrators      Health Conversion Privilege: X Yes      __ No
Address.        1640 South Loop Road                       Conversion Plans: Major Medical & Basic
                Alameda, CA 94105                          Conversion Fee: $25% of annual conversion premium

25606                                     -4-

## TERM OF POLICY

This Policy will be in force during the Cost Determination Period shown in the SCHEDULE OF INSURANCE unless it is terminated as provided in TERMINATION.

## RENEWAL PROVISION

This Policy may be renewed for a successive Cost Determination Period provided the Policyholder pays the applicable premium for such Cost Determination Period. The Company reserves the right to change any one or more, or all of the items shown in the SCHEDULE OF INSURANCE for the renewal Cost Determination Period. With respect to any change in premium rate the Company will provide the Policyholder written notification at least 60 days prior to the renewal Cost Determination Period.

## POLICYHOLDER DUTIES

The Policyholder agrees to:

(1)     pay the required premiums when they are due; and
(2)     furnish the Company with any information required by the Company pertaining to the risks covered under this Policy. Such information must be received by the Company in a form and during a time period satisfactory to the Company; and
(3)     submit to the Company, in writing, any proposed change to the provisions of the Plan. This must be submitted to the Company within a reasonable period of time prior to the effective date of the proposed change. **No alterations to the Plan will affect the Company's liability under this Policy without prior written approval by the Company; and**
(4)     provide the Company at all times with the current copy of the Plan document; and
(5)     maintain adequate records as required by the Company; and
(6)     submit to the Company, in writing, any designation of or change in designation of a Claims Payer. This must be submitted to the Company within a reasonable period of time prior to the effective date of such designation or change in designation. **Any changes to the designated Claims Payer without prior written approval by the Company will cause this Policy to terminate as provided for in TERMINATION.**

## PREMIUMS

The SCHEDULE OF INSURANCE shows the Premium Rates and the Premium Due Date for each coverage provided under this Policy. The entire amount of the applicable premium is due as of the Premium Due Date. The Company is not obligated to apply any premium paid which is less than the entire amount due for any period. Premium payments shall be credited first to any past due and unpaid premium, in the order in which due.

## GRACE PERIOD

A grace period of 31 days is allowed for the payment of any premium except the first. The Company is not obligated to apply any premium which is received after the grace period and may, at its discretion, return any premium payment. The payment of any premium will not cause the insurance under this Policy to remain in force beyond the day before the next Premium Due Date.

25606                                                -5-

## COVERAGES

The coverages available under this Policy are Specific Stop Loss and Aggregate Stop Loss. Basis for reimbursement under this Policy may be: Incurred and Paid; Paid; Incurred in 12 Months and Paid in 15 Months; or Incurred and Paid with 3 Month Run-In.   SEE THE SCHEDULE OF INSURANCE.   The SCHEDULE OF INSURANCE identifies the coverages, reimbursement basis, limitations and exclusions applicable to the Policyholder.   Unless otherwise specified by the Company, if Aggregate Stop Loss coverage is provided, Specific Stop Loss coverage will be required.

**Specific Stop Loss**

The Company will reimburse the Policyholder for the amount of any Plan Benefits which exceed the Specific Deductible on an individual covered under the Plan during the Cost Determination Period or during the period applicable to the reimbursement basis shown on the SCHEDULE OF INSURANCE.   Such reimbursement will be made in accordance with the type of coverages, reimbursement basis, limitations and exclusions as shown in the SCHEDULE OF INSURANCE.   However, the liability of the Company for an individual covered under the Plan will be limited to the Stop Loss Maximum less the Specific Deductible shown in the SCHEDULE OF INSURANCE for the Cost Determination Period.

**Aggregate Stop Loss**

The Company will reimburse the Policyholder for the amount of any Plan Benefits which exceed the Aggregate Attachment Point less the amount, if any, payable under this Policy for Specific Stop Loss coverage.   Such reimbursement will be made in accordance with the reimbursement basis, limitations and exclusions shown in the SCHEDULE OF INSURANCE.  Plan Benefits on each individual Paid in excess of the Stop Loss Maximum will not be included for purposes of determining the amount of Aggregate Stop Loss reimbursements under this Policy.

## REIMBURSEMENTS

**Specific Stop Loss**

Reimbursements to the Policyholder for any Specific Stop Loss provided under this Policy will be made when the Company receives all of the information it requires for payment of reimbursements (Proof of Loss).  Proof of Loss must be satisfactory to the Company and received by the Company no later than 90 days after the date Plan Benefits are Paid in excess of the Specific Deductible.

**Aggregate Stop Loss**

Reimbursements to the Policyholder for any Aggregate Stop Loss provided under this Policy will be made after the end of the Cost Determination Period provided:

(1)      the Company has received all of the information it requires (Proof of Loss); and
(2)      the Company has completed any audit it may deem reasonable.

Proof of Loss must be satisfactory to the Company and received by the Company no later than 90 days after the end of the Cost Determination Period.

## TERMINATION

**By the Policyholder**

The Policyholder may terminate this Policy on any Premium Due Date by giving the Company at least 31 days advance written notice.

**By the Company**

The Company may terminate this Policy on the date that any one of the following occurs:

(1)   the date any group life insurance policy(ies) the Policyholder has in force with the Company terminates; or

(2)   the date it is determined that the Policyholder has failed to perform any of the duties described in POLICYHOLDER DUTIES of this Policy; or

(3)   the date a petition in bankruptcy is filed with respect to the Plan or the Policyholder, whether voluntary or involuntary or the Plan or the Policyholder become subject to liquidation, receivership or conservatorship.

**Automatic**

This Policy will automatically terminate on the earliest of:

(1)   the date the Plan terminates; or

(2)   at the end of any grace period when the premium due remains unpaid; or

(3)   the date the Claims Payer designated in the SCHEDULE OF INSURANCE is no longer processing claims unless the Company has, prior to the date of change of the Claims Payer, agreed in writing to such change; or

(4)   the end of the Cost Determination Period unless the Company has renewed this Policy in writing prior to the end of such Cost Determination Period.

**Effect of Termination**

In the event this Policy is terminated prior to the end of the Cost Determination Period, amounts shown in the SCHEDULE OF INSURANCE will not be prorated.

The Company has no obligation to reimburse the Policyholder for any Plan Benefits which are paid after the date this Policy is terminated.

## GENERAL PROVISIONS

**Entire Contract**

The entire contract consists of this Policy, the attached copy of the Policyholder's application. the attached copy of the Plan and any amendments, riders or endorsements. All statements made by the Policyholder shall be deemed representations and not warranties.  No statement will be used to avoid the insurance or reduce the amount payable under this Policy unless:

(1)     the statement is in writing; and
(2)     a copy of that statement is given to the Policyholder.

**Changes**

Except as otherwise provided in RENEWAL. this Policy may be changed at any time by a written agreement between the Policyholder and the Company.  The provisions of this Policy may be changed or waived only by the President, a Vice President or the Secretary of the Company and only in writing.  The Company will not be bound by any promise or representations made by any other person.

The Company may change any one or more, or all of the items shown in the SCHEDULE OF INSURANCE by endorsement during any Cost Determination Period in which:

(1)     any change is made to:
         (a)     the coverage provided under the Plan; or
         (b)     the eligibility provisions of the Plan; or
         (c)     any applicable state or Federal law; or
(2)     the number of persons covered under the Plan varies by more than 10% of the enrollment on which
         the Premium Rates were based;

which in the sole opinion of the Company, may affect the Company's liability under this Policy.

**Parties**

This Policy is a contract between the Policyholder and the Company.  This Policy does not create any right or legal relationship between the Company and any person covered under the Plan.   Any and all reimbursements payable under this Policy will be made solely to the Policyholder.

**Waiver**

Failure of the Company to strictly enforce its rights under this Policy shall not waive any such right, regardless of the frequency or similarity of the circumstances.

**Audit**

The Company shall have the right to audit, at its own expense, the records of the Policyholder, the Claims Payer or any other person who is responsible for the administration of the Plan pertaining to the matters which affect the Company's liability under this Policy.  The Policyholder agrees that payment of any reimbursements under this Policy will be conditioned upon the results of any audit requested by the Company.

**Taxes**

The payment of reimbursements under this Policy will not include:

(1)     any taxes which might be paid or payable by the Policyholder; or

(2)     any tax liability, interest or penalty imposed by any regulatory or taxing authority.

The Policyholder agrees to:

(1)     hold harmless the Company from any tax liability assessed against the Company on the basis of the coverage provided under the Plan other than any tax levied upon the Company for the premium due under this Policy; and

(2)     reimburse the Company for the amount of any such tax liability, interest, penalty or cost incurred by the Company as the result of such tax assessment.  Such reimbursement shall be due and payable when the Policyholder receives the Company's notification that reimbursement is due.

**Evidence Of Good Health**

Any amount of Plan Benefits paid by the Policyholder for any employee/member or dependent who does not enroll into the Plan within the time period specified in the Plan for eligibility will be disregarded for reimbursements under this Policy unless evidence of good health for such employee/member or dependent has been approved by the Company prior to the date on which the Plan Benefit was incurred.

**Other Insurance**

The amounts otherwise payable under this Policy shall be reduced by the amount of any other reimbursement or indemnity which the Policyholder may be entitled to receive with respect to the Company's liability under this Policy.

## MEDICAL CONVERSION PRIVILEGE

The Company will make available medical conversion coverage to eligible persons terminating from the Plan while this Policy is in force.   The Policyholder must pay the applicable Conversion Fee shown in the SCHEDULE OF INSURANCE in order for the Company to issue conversion coverage.  Such conversion coverage will be provided and eligibility for conversion will be determined in accordance with all of the terms and conditions of the Group Medical Conversion Insurance Policy of the Company.  The SCHEDULE OF INSURANCE shows the conversion plans applicable to this Policy.

RENEWAL ENDORSEMENT

TO BE ATTACHED TO AND MADE A PART OF POLICY NO. 50181 ISSUED TO OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND BY THE MEGA LIFE AND HEALTH INSURANCE COMPANY.

It is agreed that the above Policy is renewed for the Cost Determination Period of September 01, 1999 through August 31, 2000 and that all items in the attached SCHEDULE OF INSURANCE supersede all prior SCHEDULES OF INSURANCE.

This endorsement is subject to all the provisions of the Policy. Payment of the premium for the insurance provided by the Policy, as endorsed constitutes acceptance of the terms of this Endorsement by the Policyholder.

Executed by the Company this 27th day of October 19 99.

Secretary

25607(END-2)                           Endorsement No. 1

## SCHEDULE OF INSURANCE

Policyholder:     Operating Engineers Health and Welfare Trust Fund
Policy Number:     50131

Cost Determination Period:  September 1, 1999 through August 31, 2000

Stop-Loss Maximum:    $1,000,000.              Actively-at-Work is Waived:  X Yes  __ No

### SPECIFIC STOP-LOSS

SPECIFIC COVERAGE:     X Yes  __ No     __ Paid in 12 months and Incurred not prior to ____
                                        __ Incurred and Paid (12/12)      X Paid
Specific Deductible:     $250,000.              __ Incurred in 12 months and Paid In 15 months (12/15)
                                        __ Incurred and Paid with 3 month run-in (15/12)

Lifetime Limit of Liability per Covered     ☒ Person
                                       ☐ Family  $ 1,000,000.

### AGGREGATE STOP-LOSS

AGGREGATE COVERAGE:   __ Yes  X No     __ Paid in 12 months and Incurred not prior to ____
                                        __ Incurred and Paid (12/12)      ____ Paid
                                        __ Incurred in 12 months and Paid in 15 months (12/15)
Monthly Aggregate Protection Option: __ Yes __ No     __ Incurred and Paid with 3 month run-in (15/12)

Monthly Aggregate Factors:  $ N/A            Minimum Aggregate Attachment Point: $N/A
Limit of Liability for the Policy Year:$ N/A

### PREMIUMS

SPECIFIC:     Contract Premium Rate     $ 7.76
            Self Funded Premium Rate    $ 6.97
            Withhold Rate:            $ 1.79
            Estimated Corridor:      $ 219,075
            Estimated Corridor = [(Contract Rate - Split Funded Rate) x First Month's Enrollment x  12 ]

            At the end of the Cost Determination Period, the Final Corridor is calculated by the following formula:
            Final Corridor = [(Contract Rate - Split-Funded Rate) x Average Monthly Enrollment x  12 ]
            Premium Due Date: The first day of every month in the Cost Determination Period.

AGGREGATE:     Premium Rate     N/A .
            Premium Due Date:   The first day of every month in the Cost Determination Period.

### EXCLUSIONS

SPECIFIC:     Plan Benefits to be excluded from reimbursement:

          (a)   The first otherwise-reimbursable amounts of Plan Benefits in excess of the Specific Deductible on
              one or more individuals covered under the Plan during the Cost Determination Period.   Up to the
              Final Corridor amount.
          (b)   All except Medical

AGGREGATE:    Plan Benefits to be excluded from reimbursement:  N/A.

Note:     Deferred Effective provision is also waived.

### OTHER

Claim Payer:     Associated Third Party Administrators
Address:         1640 South Loop Road
            Alameda, CA 94105

                                  Health Conversion Privilege.  X Yes      __ No
                                    Conversion Plans: Major Medical & Basic
                                    Conversion Fee: $25% of annual conversion premium

25606

RENEWAL ENDORSEMENT

TO BE ATTACHED TO AND MADE A PART OF POLICY NO. 50181

ISSUED TO  OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND

BY THE MEGA LIFE AND HEALTH INSURANCE COMPANY


It is agreed that the above Policy is renewed for the Policy Period of September 01, 2000 through August 31, 2001 and that all items in the attached RENEWAL SCHEDULE OF INSURANCE supersede all prior SCHEDULES OF INSURANCE.

This Endorsement is subject to all the provisions of the Policy. Payment of the premium for the insurance provided by the Policy as endorsed constitutes acceptance by the Policyholder of the terms of this Endorsement.

Executed by the Company this 1st day of October 2000 and Signed for The MEGA Life and Health Insurance Company at Dallas, Texas

Secretary

## SCHEDULE OF INSURANCE

Policyholder:      Operating Engineers Health and Welfare Trust Fund
Policy Number:     50181

Cost Determination Period:  September 1, 2000 through August 31, 2001

Stop-Loss Maximum:   $1,000,000.           Actively-at-Work is Waived: _X_ Yes  __ No

### SPECIFIC STOP-LOSS

SPECIFIC COVERAGE:    _X_ Yes  __ No      __ Paid in 12 months and incurred not prior to ____
                                  __ Incurred and Paid (12/12)    _X_ Paid
Specific Deductible:    $250,000.          __ Incurred in 12 months and Paid in 15 months (12/15)
                                  __ Incurred and Paid with 3 month run-in (15/12)
Lifetime Limit of Liability per Covered   ☒ Person
                                     ☐ Family  $ 1,000,000.

### AGGREGATE STOP-LOSS

AGGREGATE COVERAGE:  __ Yes _X_ No      __ Paid in 12 months and incurred not prior to ____
                                  __ Incurred and Paid (12/12)    ___ Paid
                                  __ Incurred in 12 months and Paid in 15 months (12/15)
Monthly Aggregate Protection Option: __ Yes __ No   __ Incurred and Paid with 3 month run-in (15/12)

Monthly Aggregate Factors:  $ N/A         Minimum Aggregate Attachment Point: $N/A
Limit of Liability for the Policy Year $ N/A

### PREMIUMS

SPECIFIC:    Contract Premium Rate     $ 7.76
            Self Funded Premium Rate   $ 5.97
            Withhold Rate:           $ 1.79
            Estimated Corridor:      $ 2
            Estimated Corridor = [(Contract Rate - Split Funded Rate) x First Month's Enrollment x _12_ ]

            At the end of the Cost Determination Period, the Final Corridor is calculated by the following formula:
            Final Corridor = [(Contract Rate - Split-Funded Rate) x Average Monthly Enrollment x _12_ ]
            Premium Due Date: The first day of every month in the Cost Determination Period.

AGGREGATE:  Premium Rate     N/A
            Premium Due Date:  The first day of every month in the Cost Determination Period.

### EXCLUSIONS

SPECIFIC:    Plan Benefits to be excluded from reimbursement:

        (a)   The first otherwise-reimbursable amounts of Plan Benefits in excess of the Specific Deductible on
            one or more individuals covered under the Plan during the Cost Determination Period.   Up to the
            Final Corridor amount.
        (b)   All except Medical

AGGREGATE:  Plan Benefits to be excluded from reimbursement:  N/A.

Note:   Deferred Effective provision is also waived.

### OTHER

Claim Payer    Associated Third Party Administrators    Health Conversion Privilege: _X_ Yes    __ No
Address:      1640 South Loop Road            Conversion Plans: Major Medical & Basic
         Alameda, CA 94105             Conversion Fee: $25% of annual conversion premium

25606

**PROOF OF SERVICE**

I, Sheila E. Hill, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 11355 West Olympic Boulevard, Los Angeles, CA 90064-1614. On August 21, 2002, I served the within documents

**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| Barry E. Hinkle, Esq. | James P. Watson, Esq. |
| Linda Baldwin Jones, Esq. | Susan J. Olson, Esq. |
| VAN BOURG, WEINBERG, | STANTON, KAY & WATSON |
| ROGER & ROSENFELD | 101 New Montgomery Street |
| 180 Grand Avenue, Suite 1400 | Suite 500 |
| Oakland, CA 94612 | San Francisco, CA 94105 |
| T: 510/839-6600 / F: 510/891-0400 | T: 415/512-3501 / F: 415/512-3515 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 21, 2002.

_____
Sheila E. Hill

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

40534231.1